# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| FABIO MONTANO, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 08-0293-CV-W-GAF |
| ) | Crim. No. 98-00311-06-CR-W-GAF |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOVANT'S § 2255 MOTION

Movant Fabio Montano was found guilty of conspiring to distribute cocaine and was sentenced to 405 months' imprisonment. Montano has now filed a motion, pursuant to § 2255, in which he alleges that the sentence imposed is unlawful and unconstitutional. Montano was found guilty, after trial by jury, of conspiracy to distribute cocaine. The jury form did not limit the drug amounts found in the course of the conspiracy, but simply provided that Montano was guilty of the crime charged, which alleged at least 5 kilograms of cocaine.

Prior to sentencing, a Presentence Investigation Report (PSR) was prepared. The PSI calculated the Sentencing Guidelines base offense level of 38, for 150 kilograms or more of cocaine that was distributed in the conspiracy. The initial PSR did not apply any enhancements or reductions. A later addendum added a two-level Sentencing Guidelines enhancement for possession of a dangerous weapon, pursuant to U.S.S.G. § 2D1.(b)(1). The PSI calculated a criminal history category of II, based on two prior convictions for driving while intoxicated, each adding one point to the criminal history.

Prior to sentencing, Montano filed *pro se* objections to the PSR, in which he objected to the drug quantities.  Montano argued that the sentencing court was bound by the jury verdict, and that the jury verdict limited the drug amounts to less than 15 kilograms of cocaine.

On December 1, 2005, Montano appeared before the court for sentencing.  After evidence, the court found that the offense involved 150 kilograms or more of cocaine, and applied the dangerous weapon enhancement.  This yielded a total offense level of 40, a criminal history category of II, and a Sentencing Guidelines range of 324 to 405 months.  The court denied an upward departure, which had been requested by the Government, and sentenced Montano to 405 months' imprisonment, five years' supervised release, and the $100 mandatory special assessment.

Montano timely appealed his sentence.  *United States v. Montano*, 506 F.3d 1128 (8th Cir. 2007).  Montano presented two claims on appeal: (1) the district court erred in admitting evidence concerning a murder committed in furtherance of the conspiracy; and (2) insufficient evidence supported the conviction – both of which were denied by the Eighth Circuit.  *Id*. at 1129.

Montano has now filed a motion, pursuant to § 2255, seeking to vacate, correct, or set aside his sentence.  In the first two claims, Montano alleges that the district court erred in determining the drug quantity, pursuant to the United States Sentencing Guidelines § 2D1.1(b)(1).  Montano argues that the drug amounts and weapon enhancement were not found by the trial jury, and that the sentencing court was limited to imposing a sentence based only on the most basic findings of the jury – that the court could not impose a sentence for 15 kilograms or more of cocaine and could not apply any enhancements.  Montano also argues that the drug

quantity and the enhancement were not alleged in the indictment, and that the indictment is therefore invalid. Montano contends that this resulting sentence is unlawful and unconstitutional.[1]

Montano failed to raise either of these claims on appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal") (internal citation omitted); *United States v. Frady*, 456 U.S. 152, 165 (1982) ("a collateral challenge may not do service for an appeal"). Failing to raise such an issue is a procedural default.

To properly raise this issue, Montano must show both "cause" for failure to raise the issue during direct appeal, and "actual prejudice" resulting from the error. *See Bousley*, 523 U.S. at 622; *Frady*, 456 U.S. at 167-68. As to "actual prejudice," Montano must show that the error "worked to [his] actual and substantial disadvantage." *Frady*, 456 U.S. at 170. This is a demanding standard; it requires the defendant to carry a burden "significantly higher" than he would be required to satisfy on direct review under the plain-error standard. *Frady*, *id*. at 167.

Montano has not demonstrated either cause or actual prejudice for the failure to appeal these claims. Furthermore, even if Montano were not procedurally barred from litigating these claims, the claims are without merit.

In essence, Montano alleges that his sentence is excessive, based on alleged errors when calculating his advisory Sentencing Guidelines range. However, a claim that a sentence was excessive is not cognizable under § 2255, provided the sentence was within the statutory range

---

[1] Upon review of the record and the law, the respondent's position is found to be persuasive. Much of the respondent's brief is adopted without quotation designated.

3

of punishment.  *House v. United States*, 508 F.2d 509, 513-14 (1974).  Since Montano's sentence was within the statutory range of punishment, 10 years' to life imprisonment, any claims regarding the length of sentence are beyond the scope of § 2255 and without merit.

Even if it were Montano's intent to be actually attacking the indictment, under *House*, defects in the indictment or the sufficiency of the indictment (excluding jurisdictional challenges) are similarly improper under § 2255.  *House, id*.  Montano can only claim that the indictment was defective if he challenges the court's jurisdiction over the drug violations – which he has not done in the instant motion.

Furthermore, contrary to Montano's allegation, specific drug amounts or sentencing enhancements do not have to be found by a trial jury or pleaded in the indictment.  Montano was sentenced on February 28, 2006, after the decision in *United States v. Booker*, 543 U.S. 220 (2005).  In *Booker*, the Supreme Court found that the mandatory Sentencing Guidelines, which required the sentencing judge to find certain facts and impose a more severe mandatory sentence was a violation of the Sixth Amendment.  *Id*. at 232.  The Supreme Court remedied this violation by rendering the Sentencing Guidelines advisory.  *Id.* at 246-49.

However, *Booker* does not require that the advisory Sentencing Guidelines factors or enhancements be determined by the jury.  "Judicial fact finding under a preponderance of the evidence standard is permitted in sentencing provided that the guidelines are applied in an advisory manner."  *United States v. Thorpe*, 447 F.3d 565, 569 (8th Cir. 2006) (district court erred in not determining drug amounts and relying instead on jury verdict) (citing *Booker*, 543 U.S. at 266-67); *see also United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005)(appropriate post-*Booker* procedure).  *Booker* also does not require that sentencing factors

4

be alleged in an indictment. Indeed, the Supreme Court held that requiring the government to allege sentencing facts in an indictment "would create a system far more complex than Congress could have intended." *Booker*, 543 U.S. at 254.

The indictment alleged that the quantity of cocaine was at least five kilograms, which was required for the statutory mandatory minimum sentence, pursuant to 21 U.S.C. § 841(b)(1)(A). Similarly, the jury verdict found at least five kilograms of cocaine. Thus, the indictment and jury verdict correctly provided for the statutory penalties. The Sentencing Guidelines range was properly left to the sentencing judge to determine.

Montano is correct that the Sentencing Guidelines factors were determined by the court by a preponderance of the evidence and that those facts were not alleged in the indictment. Montano correctly states the facts, but incorrectly applies the law. Montano is incorrect that the sentencing procedure in this case is a violation of either the applicable law or the Constitution. The court followed *Haack* when fashioning the proper sentence, and nothing in the procedure is error.

In the third claim, Montano alleges that an intervening change in the Sentencing Guidelines provided by Amendment 709 is applicable to his case and should be applied retroactively to reduce his criminal sentence. Amendment 709, among other items, addressed the use of misdemeanor and petty offenses in determining a defendant's criminal history score. Amendment 709 amends U.S.S.G. § 4A1.2(c)(1) by changing the probation criterion from a term of "at least" one year to a term of "more than" one year. Thus, sentences for offenses such as careless or reckless driving or prostitution are now counted only if "the sentence was a term of

5

probation of more than one year or a term of imprisonment of at least thirty days" or "the prior offense was similar to an instant offense."

Montano asserts that the two criminal history points he received for two driving while intoxicated convictions, which resulted in custody sentences of 10 and 30 days, respectively, would not be counted if he were sentenced under the current Sentencing Guidelines. Thus, instead of being sentenced under Criminal History Category II, due to two criminal history points, he would be sentenced based on zero criminal history points under Criminal History Category I.

Montano has not demonstrated that Amendment 709 affects his final Criminal History Category in any way.[2] Furthermore, the proper mechanism for requesting a retroactive sentence modification is to file a motion, pursuant to § 3582(c)(2), in the criminal case. However, even had Montano followed the proper procedures for requesting a sentence modification, he would remain ineligible for relief because Amendment 709 was not made retroactively applicable to final criminal cases, and may not be used to modify a sentence pursuant to 18 U.S.C. § 3582(c)(2). As such, Montano is not entitled to a sentencing modification.

Section 3582(c)(2) holds:

---

[2] Sentences for misdemeanor and petty offenses generally count in a defendant's criminal history calculation. U.S.S.G. § 4A1.2(c)(1) identifies certain misdemeanor and petty offenses that count only if specific criteria are met. U.S.S.G. § 4A1.2(c)(2) identifies certain offenses that never count. U.S.S.G. §§ 4A1.2(c)(1) and (2) also apply to "offenses similar" to those infractions identified in the Sentencing Guidelines. Application Note 5 to U.S.S.G. § 4A1.2 states, "[c]onvictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted. Such offenses are not minor traffic infractions within the meaning of § 4A1.2(c)." Montano's two driving while intoxicated convictions thus do not fall within the exceptions listed in U.S.S.G. § 4A1.2(c), and they would still count in determining his criminal history category today.

6

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added).

Section 1B1.10 of the Sentencing Guidelines specifically limits the amendments which are retroactively applicable. The pertinent section reads:

> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> > (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2) (emphasis added); *see also* Application Notes to § 1B1.10 (restating the same limitations).

Montano argues that amendments, even those not listed in § 1B1.10(a), must be applied as clarifying amendments that can be used to reduce a sentence. Montano cites several cases, none of which support this proposition. Montano's argument that the amendment does not have to be listed in § 1B1.10(c) is contrary to the binding Eighth Circuit law. *See Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (the Commission lists guideline amendments that may be retroactively applied to lower a previous sentence in U.S.S.G. § 1B1.10(c)); *United States v. Walsh*, 26 F.3d 75, 76-77 (8th Cir. 1994) ("Section 1B1.10 specifically prohibits district courts from taking action to apply amendments to the Guidelines retroactively that the

7

Sentencing Commission did not intend to be applied retroactively"); *United States v. Levi*, 2 F.3d 842, 845 (8th Cir.1993) ("commentary and policy statements interpreting a guideline, or prohibiting a district court from taking a specified action, are authoritative and binding on the courts").

The Sentencing Commission specifically excluded the retroactive application of Amendment 709 to final criminal sentences by not adding it to U.S.S.G. § lBl.10(c). Thus, the Sentencing Guidelines and the binding Eighth Circuit case law do not permit the court to modify Montano's sentence as a result of Amendment 709. Montano is not eligible for a sentencing modification.

Montano also requests copies of a voluminous number of documents. Montano states that he is unable to present all his § 2255 claims because he does not have access to these records. Montano acknowledges that he should have presented all his claims in the initial § 2255 motion, and that he may be barred from presenting further grounds. Despite this acknowledgment, Montano seeks a flood of records, including all the transcripts, court-filed motions and responses, and agent reports and discovery, not only for his case but for all the co-defendants and defendants in any related case.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2003) (quoting *Bracy v. Gramely*, 520 U.S. 899, 904 (1997)). The rules governing proceedings under 28 U.S.C. § 2255 require that the movant show "good cause" prior to the court exercising its discretion to provide movant discovery. *See* Rule 6(a) of the Rules Governing Section 2255. Good cause under Rule 6(a) exists "where specific allegations before the court show reason to

8

believe that the petitioner may, if facts are fully developed, be able to demonstrate that he is . . . entitled to relief. . ." *Bracy*, 520 U.S. at 908-09.

The Eighth Circuit has held that the failure to specifically state what will be revealed by the records, or to demonstrate how the records will help prosecute a § 2255 motion, *Smith v. United States*, 618 F.2d 507, 509 (8th Cir. 1980), or how the records will establish innocence, *Dyer v. United States*, 23 F.3d 1421, 1424 (8th Cir. 1994), is fatal to a discovery claim. Courts should not allow prisoners to use federal discovery: (1) when the petitioner has not set out specific allegations which require discovery to litigate; or (2) for fishing expeditions or to investigate mere speculation. *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Montano has not shown that any of the documents are necessary to the resolution of his § 2255 motion. Montano's claims fail as a matter of law, and therefore no discovery is necessary to resolve the claims. Montano's broad motion reflects nothing more than a fishing expedition, which is not the purpose of the discovery rule.

A district court need not hold an evidentiary hearing in a § 2255 case where the files and records conclusively show that the movant is not entitled to relief. *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005). A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Id.*; *Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003).

An evidentiary hearing is not necessary in this case because Montano's claims are legally insufficient to command relief. The claims incorrectly cite the law, and fail to present

9

true constitutional violations cognizable under § 2255.

Denial of Montano's § 2255 petition, can be appealed to the court of appeals only if a certificate of appealability is granted. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should issue only when a substantial showing of the denial of a constitutional right can be made, *see* 28 U.S.C. § 2253(c)(2), or an issue is raised that is debatable among jurists of reason or deserving of further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Montano has not made a substantial showing of the denial of a constitutional right related to his conviction or the imposition of his sentence or an issue that is debatable among reasonable jurists. Issuance of a certificate of appealability is denied.

WHEREFORE, for the reasons stated herein, Montano's § 2255 motion is denied without an evidentiary hearing, without discovery, and without issuance of a certificate of appealability.

s/ Gary A. Fenner<br>
GARY A. FENNER, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: June 4, 2008